**Troy WRIGHT, Plaintiff–Appellant,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Commissioner Goord, William E. Phillips, Superintendent, Gayle Hoponik, Administrative Deputy, Dr. Carl J. Koenigsmann, Hari Chakravorty, Lester Wright, Louis Jack Pozner, Erin Crotty, Defendants–Appellees.**

**No. 09–0258–pr.**

United States Court of Appeals, Second Circuit.

April 20, 2010.

Troy Wright, Stormville, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of New York, David Lawrence III, Assistant Solicitor General, New York, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Appellant appeals from the district court's order granting summary judgment to Appellees in his 42 U.S.C. § 1983 suit alleging that prison officials were deliberately indifferent in allowing him to be exposed to contaminated drinking water at Green Haven Correctional Facility and in failing to provide adequate medical care for conditions that allegedly resulted from his consumption of that water. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We have reviewed the record and relevant case law *de novo,* and find that the Appellees were entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003) (the grant of summary judgment is reviewed *de novo* ); *Davis v. State of New York,* 316 F.3d 93, 100 (2d Cir.2002) ("conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion"). Appellant presented no evidence from which a reasonable jury could conclude that the drinking water at Green Haven was contaminated with *Helicobacter pylori,* nor that prison officials were deliberately indifferent to the water quality or his medical needs.

Appellant argues that the magistrate judge was without jurisdiction to enter a report and recommendation in this matter absent the parties' consent, and improperly denied his motions for counsel. This matter was properly referred to a magistrate judge for pre-trial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B); such referral does not require the consent of the parties. And the magistrate judge did not abuse his discretion in denying Wright's motions for the appointment of counsel, as Appellant failed to show that his position was of sufficient substance to require such appointment. *See Ferrelli v. River Manor Health Care Ctr.,* 323 F.3d 196, 200 (2d Cir.2003) (motions to appoint counsel are reviewed for abuse of discretion); *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir.1989) (in considering such a motion, a court should first determine whether the movant's "position [is] likely to be of substance"). We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED.**